| | |
|---|---|
| MALIK FIRST BORN ALLAH FARRAD, *also known as* MARVIN MAURICE BUCKLES, <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | Nos.: 3:19-CV-434-TAV-DCP <br> 3:14-CR-110-TAV-DCP |

# MEMORANDUM OPINION

Petitioner has filed a pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [Doc. 1]. The government has responded in opposition [Doc. 15], and Petitioner replied [Doc 18]. Because, based on the record before the Court, it plainly appears that Petitioner is not entitled to relief, it is not necessary to hold an evidentiary hearing,[1] his petition for relief under 28 U.S.C. § 2255 will be **DENIED**.

## I. Background[2]

On October 11, 2013, shortly after his release from prison for a prior felony, Petitioner posted photos on Facebook which depicted him holding a firearm. *United States*

---

[1] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b). It is the prisoner's ultimate burden to sustain his claims by a preponderance of the evidence. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Accordingly, where "the record conclusively shows that the petitioner is entitled to no relief," a hearing is not required. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted).

[2] Document numbers in this section refer to the criminal case.

*v. Farrad*, 895 F.3d 859, 864–65 (6th Cir. 2018). An undercover officer sent Petitioner a friend request on Facebook, which Petitioner accepted. *Id.* The officer received a warrant to search Facebook's records to receive the photos and had an expert confirm that it was a real handgun in the photo, not a replica, toy, or fake. *Id*. at 865, 868. Petitioner was then charged with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and his case proceeded to trial. *Id*. at 866. The jury found Petitioner guilty [Doc. 40]. He was later found to be an armed career criminal [Doc. 43 p. 6] and sentenced to 188 months' imprisonment [Doc. 56]. Petitioner appealed on several grounds [Doc. 58], and his sentence was affirmed [Doc. 97]. The Supreme Court denied Petitioner's request for a writ of certiorari [Doc. 105], and his conviction became final. Petitioner then timely filed the instant motion, seeking relief under 28 U.S.C. § 2255 [Doc. 109].

**II.     Analysis**

Petitioner raises twelve grounds for relief in his motion, which the government has categorized into narrower groupings. Petitioner challenges his sentence under *Rehaif v. United States*, 139 S. Ct. 2191 (2019) (Ground One) and alleges his counsel was constitutionally ineffective for a variety of reasons: not raising a *Rehaif* argument at trial or on appeal (Grounds Two and Three), not hiring a digital forensics expert to testify at trial (Ground Four), not arguing the evidence was insufficient to prove possession on the date alleged (Ground Five), not sufficiently objecting to government witnesses (Grounds Six and Nine), not filing pretrial motions or requesting a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978) to suppress the Facebook photos (Grounds Seven and Ten),

2

not objecting to the government's photographic evidence (Ground Eight), not objecting to the use of a real firearm in the courtroom (Ground Eleven), and abandoning Petitioner at trial (Ground Twelve) [Doc. 1]. Pursuant to these claims, Petitioner files this collateral attack.

The Court must vacate, set aside, or correct a prisoner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack . . . ." 28 U.S.C. § 2255. To obtain relief under § 2255 because of a constitutional error, the error must be one of "constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). A § 2255 petitioner has the burden of proving that he is entitled to relief by a preponderance of the evidence, *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006), and must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 153 (1982). Because Petitioner fails to clear such a hurdle, none of Petitioner's claims justify relief.

    **A.**    *Rehaif* **claim**

*Rehaif* held that to obtain a § 922(g) conviction, the government must prove that the defendant "knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. Petitioner challenges his sentence, stating the government did

3

not offer proof that petitioner had the required knowledge [Doc. 1 p. 3]. Petitioner never raised this argument at trial or on appeal, and as such, the claim has been procedurally defaulted. *Bousley v. United States*, 523 U.S. 614, 622 (1998) ("[A] defendant has procedurally defaulted a claim" if he "fail[s] to raise it on direct review.").

To excuse procedural default, Petitioner must show either good cause for not raising the claim earlier and actual prejudice if it were not reviewed now or that he is actually innocent of the offense. *Id*. The "hurdle" for overcoming procedural default is "intentionally high . . . , for respect for the finality of judgments demands that collateral attack generally not be allowed to do service for an appeal." *Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000).

Here, Petitioner does not even attempt to overcome procedural default. Had counsel made an objection, it would have been unlikely to succeed at that time, but "futility cannot constitute [good] cause if it means simply that a claim was unacceptable to that particular court at that particular time." *Bousley*, 512 U.S. at 623. Further, the Sixth Circuit had considered this issue more than a decade before this case occurred in *United States v. Olender*, 338 F.3d 629, 367 (6th Cir. 2003), so Petitioner cannot state that the legal basis of such an objection was not reasonably available to counsel. An ineffective-assistance-of-counsel claim can excuse a procedural default, but counsel's performance "must have been so ineffective as to violate the Federal Constitution." *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). In other words, "ineffective assistance adequate to establish cause for the procedural default of some other constitutional claim," must be "itself an independent

4

constitutional claim." *Id.* Thus, to excuse his procedural default, Petitioner's ineffective-assistance-of-counsel claims must satisfy the familiar and deferential standard from *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). As discussed below, they do not. He therefore has not demonstrated good cause for failure to raise that objection.

As to actual innocence, Petitioner would be required to show it was "more likely than not that no reasonable juror would have convicted him" had the instruction been given that he must have knowledge of his status. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In this case, as the government states, there was "overwhelming evidence" that Petitioner was aware he was a felon [Doc. 15 p. 6]. Petitioner had previously been sentenced to prison for more than a year on numerous crimes, including a robbery conviction for which he was sentenced to 8 years' imprisonment and other various drug-trafficking and money-laundering convictions for which he was sentenced to 30 years' imprisonment [Doc. 53 ¶¶ 26, 28, 3:14-cr-110]. He had even been convicted of being a felon in possession of a firearm in federal and state court [*Id.* ¶¶ 27, 29]. A jury therefore likely would have found that Petitioner knew of his status as a felon. *See United States v. Raymore*, 965 F.3d 475, 486 (6th Cir. 2020) ("His prior convictions for being a felon in possession make it near-impossible for him to contest knowledge of his status as a felon in this case."). Petitioner is therefore unable to show actual innocence.

Without meeting his burden to show good cause and prejudice or actual innocence, Petitioner's claim under *Rehaif* is procedurally defaulted and Ground One accordingly is rejected.

## B. Ineffective Assistance

Claims of ineffective assistance of counsel are cognizable under § 2255. *Massaro v. United States*, 538 U.S. 500, 508–09 (2003). The Sixth Amendment guarantees criminal defendants the right to "reasonably effective assistance" of counsel. *Strickland*, 466 U.S. at 687. A petitioner alleging ineffective assistance of counsel must fulfill two criteria in either order. First, a petitioner must establish that his counsel's performance was deficient, that is, falling "below an objective standard of reasonableness . . . under prevailing professional norms." *Id.* at 688. Consequently, counsel is "not required to raise meritless arguments." *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998). Counsel is presumed to have provided effective assistance, and petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616–17 (6th Cir. 2003); *Strickland*, 466 U.S. at 689.

Second, a petitioner must show that his attorney's deficient performance prejudiced his defense, in the sense that defendant must show "there is a reasonable probability that, but for counsel's [] errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. If a petitioner fails to establish both deficiency and prejudice, the claim must be rejected. *Id.* at 697. Thus, "the inability to prove either one of the prongs – regardless of which one – relieves the court of any duty to consider the

6

other." *Nichols v. United States*, 563 F.3d 240, 249 (6th Cir. 2009) (*en banc*). None of Petitioner's claims offer relief.[3]

### 1. *Rehaif* arguments

Petitioner alleges that counsel was constitutionally ineffective for failing to raise a *Rehaif* argument at trial or on appeal [Doc. 1 pp. 4–5]. However, at the time of Petitioner's trial and appeal, it was not required that the government prove defendant's knowledge of his status. Counsel is not held ineffective for failure to predict or anticipate changes in the law. *E.g.*, *Thompson v. Warden, Belmont Corr. Inst.,* 598 F.3d 281, 288 (6th Cir. 2010); *Spaziano v. Singletary*, 36 F.3d 1028, 1039 (11th Cir. 1994) ("reasonably effective representation cannot and does not include a requirement to make arguments based on predictions of how the law may develop."). Even if this were to satisfy the first prong, Petitioner cannot demonstrate prejudice, as there was sufficient evidence at trial that Petitioner knew of his status as a felon. Accordingly, Grounds Two and Three are rejected.

---

[3] Petitioner's reply states that the "Sixth Circuit made clear that . . . [he] has a viable claim for ineffective assistance of counsel" [Doc. 18 p. 2]. While the Sixth Circuit did mention at times that Petitioner may attempt to seek relief under § 2255, the Sixth Circuit was not stating that such an attempt would necessarily be successful. *Farrad*, 895 F.3d at 885, 886, n.5. Petitioner must still fulfill the requirements of these claims and meet his burden in order to obtain relief. In his reply he further argues that his grounds for relief cumulatively establish ineffective assistance. "In order to obtain a new trial based upon cumulative error, a defendant must show that the combined effect of individually harmless errors was so prejudicial as to render his trial fundamentally unfair." *United States v. Trujillo*, 376 F.3d 593, 614 (6th Cir. 2004) (citation omitted). However, the Court here finds that none of plaintiffs alleged errors, individually or together, "produce[d] a trial setting that [was] fundamentally unfair." *Id*.

7

### 2. Digital Forensics Expert

Petitioner states counsel was ineffective for failure to hire or consult with a digital photographic or cellular forensic expert [Doc. 1 p. 6]. Such an expert, he claims, could have examined the photographs for digital manipulations [*Id.*]. The government responds that Petitioner does not allege prejudice. He does not provide any information suggesting that the photographic evidence was actually manipulated. The Sixth Circuit noted that the photos came from a Facebook account registered to his name and that they depicted Petitioner in his own apartment which "largely rul[ed] out the possibility that this was the work of a forger." *Farrad*, 895 F.3d at 875. Accordingly, Petitioner fails to meet the second *Strickland* prong, and Ground Four is rejected.

### 3. Timing of Possession

Petitioner asserts that counsel was ineffective for failing to properly argue there was insufficient evidence to prove possession on the date alleged [Doc. 1 p. 10]. However, the proof at trial showed photos of Petitioner holding a firearm that had been posted on that date. *Farrad*, 895 F.3d at 872. Furthermore, a government witness testified that criminals often post images depicting their criminal activity at the approximate time of commission to brag about their activities. *Id.* Petitioner has not provided any evidence that the photograph was taken at a different time, nor has he explained how counsel was deficient for declining to choose a defense theory without support. Petitioner therefore fails to demonstrate both of the *Strickland* prongs, and Ground Five is rejected.

8

#### 4. Objecting to Government Witnesses

Petitioner contends counsel was ineffective for failing to object to the expert qualifications of two government witnesses and allowing them to give false and misleading testimony [Doc. 1 pp. 11–12]. Petitioner states counsel was aware there was a replica of the firearm but allowed the experts to mislead the jury by stating there was no replica [*Id.*]. Yet Petitioner does not identify a basis on which counsel could have challenged the experts' testimony. The Sixth Circuit concluded Officer Hinkle was properly qualified and that any errors in admission of Officer Garrison's testimony were harmless. *Farrad*, 851 F.3d at 880–81. As to false or misleading evidence, Petitioner has provided no evidence to prove these allegations, nor has he shown that the cross-examination of the governments' witnesses was ineffective. He therefore fails to meet his burden, and Grounds Six and Nine are rejected.

#### 5. Suppression and Pretrial Motions

Petitioner states counsel was ineffective for failing to file pretrial motions or seek a *Franks* hearing to challenge the Facebook warrant on the basis that acceptance of a friend request did not constitute consent or a surrender of his Fourth Amendment rights [Doc. 1 pp. 11, 13]. The Sixth Circuit already considered and rejected Petitioner's arguments regarding how the government obtained the warrant. *Farrad*, 851 F.3d at 889–91. Further, he does not put forth a basis on which counsel could have requested a hearing. In his reply, Petitioner states there is no proof of a friend request or that he consented to it [Doc. 18 p. 4]. However, he does not allege that his acceptance of the friend request was

9

involuntary. Further, social media content shared on the internet is not afforded protection by the Fourth Amendment. *United States v. Meregildo*, 883 F. Supp. 2d 523, 526 (S.D.N.Y. 2012) ("When [defendant] posted to his Facebook profile and then shared those posts with his 'friends,' he did so at his peril"). Petitioner therefore is unable meet his burden, as counsel is not held ineffective for raising meritless claims. *Ludwig*, 162 F.3d at 459. Claims Seven and Ten are therefore rejected.

### 6. Photographic Evidence

Petitioner argues that counsel should have objected to the government's attempt to admit "unauthenticated high glossy photos, without providing Petitioner of any notice or a copy of these digitally enhanced high gloss copies" [Doc. 1 p. 12]. The Sixth Circuit, however, already held the photographs were admissible. *Farrad*, 851 F.3d at 875–80. Further, enhancements to photos for enlargement, brightness, or contrast, are similarly permissible. *United States v. Seifert*, 351 F. Supp. 2d 926, 928 (D. Minn. 2005). Accordingly, Petitioner does not meet his burden as to prejudice, and Ground Eight is rejected.

### 7. Real Firearm in Court

Petitioner alleges that counsel was ineffective for failing to object to the government's use of a real firearm at trial, stating that it was a violation of courtroom security and the government's use of the object needed more restrictions [Doc. 1 p. 13]. Petitioner fails to demonstrate prejudice, as he has not shown how the outcome of the

10

proceedings would have been different had counsel objected or placed more restrictions on use of the firearm. Ground Eleven is therefore rejected.

### 8. Abandonment

Petitioner states that counsel abandoned him at trial by failing to hire experts, purchase a replica, take photos of the replica, put on a defense, and inform him there would be no defense [Doc. 1 p. 14]. However, the record does not demonstrate that Petitioner was abandoned. Counsel did put on a defense, arguing the objects were toy replicas of guns, and engaged at trial by objecting to the government's evidence and cross-examining witnesses. The government argues that mere dissatisfaction with counsel is insufficient to rebut the presumption that counsel aced in a reasonably professional manner [Doc. 15 p. 11]. The Court agrees. The record does not reflect that counsel abandoned Petitioner, and Petitioner has not demonstrated prejudice as to this claim. Accordingly, Ground Twelve is rejected.

## III. Conclusion

For the reasons explained above, Petitioner is not entitled to relief under 28 U.S.C. § 2255, and his motion to vacate, set aside or correct his sentence [Doc. 1] will be **DENIED**, and this action will be **DISMISSED**. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Moreover, because Petitioner has not made a substantial showing of the denial of a constitutional right, and jurists of reason would not dispute the above

11

conclusions, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Fed. R. App. P. 22(b). A separate judgment will enter **DENYING** the motion [Doc. 1].

ENTER:

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

12