UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

MALIK FIRST BORN ALLAH FARRAD,  )
                                )
              Petitioner,       )
                                )         Nos.    3:19-CV-434-TAV-DCP
v.                              )                 3:14-CR-110-TAV-DCP
                                )
UNITED STATES OF AMERICA,       )
                                )
              Respondent.       )

**REPORT AND RECOMMENDATION**

Petitioner Malik Farrad previously filed a Pro Se Motion to Vacate, Set Aside, or Correct

Sentence pursuant to 28 U.S.C. § 2255 alleging the ineffective assistance of trial and appellate

counsel for failing to challenge the sufficiency of the Government's proof on the date of the

offense[1] ("the date theory") [Doc. 1 p. 10].[2] United States District Judge Thomas A. Varlan denied

the § 2255 motion, determining that Petitioner failed to show either deficiency in the representation

or prejudice regarding the date theory [Docs. 19 p. 8; 20]. On appeal, the Sixth Circuit Court of

Appeals found the failure to hold an evidentiary hearing on the date theory to be an abuse of

discretion, vacated the judgment, and remanded for an evidentiary hearing [Docs. 28 p. 4; 29].

The District Judge referred the matter to the undersigned for "an evidentiary hearing consistent

with the Sixth Circuit's remand" [Doc. 31]. *See* E.D. Tenn. L.R. 9.3(c). The undersigned held an

evidentiary hearing and permitted post-hearing briefing. For the reasons discussed herein, the

Court **RECOMMENDS** that the sole remaining claim in Petitioner's § 2255 motion be **DENIED**.

---

[1]      Petitioner alleged numerous other grounds for relief, but only his allegation of ineffective assistance relating to the date of the offense is before the Court on remand.

[2]      All citations to the record are to Petitioner's civil case, 3:19-CV-434, unless otherwise stated.

## I. BACKGROUND

In its Order remanding the case, the Sixth Circuit summarizes Petitioner Farrad's trial and direct appeal as follows:

> Based on photos that Farrad posted to Facebook, local law enforcement began an investigation into whether Farrad possessed any firearms. *United States v. Farrad*, 895 F.3d 859, 864 (6th Cir. 2018). Law enforcement obtained a warrant to search Facebook's records for information associated with Farrad's account. *Id*. at 865. The records did not reveal the date the pictures were taken. *Id*. Instead, they showed that several photos had been uploaded to Facebook on October 11, 2013, showing someone who looked like Farrad holding what appeared to be a gun. *Id*. A grand jury charged Farrad with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). *Id*. at 864. To help prove its case, the Government called Officer Thomas Garrison to testify that criminals are particularly likely to upload photos of criminal deeds soon after committing those deeds. *Id*. The jury found Farrad guilty, and he was sentenced under the Armed Career Criminal Act, 18 U.S.C. § 924(e), to 188 months in prison. *Id*. at 869-70. Farrad appealed. *Id*. at 870. As relevant here, Farrad argued that the district court abused its discretion in admitting Officer Garrison's expert testimony about criminal behavior on social media. *Id*. We agreed that the district court abused its discretion in admitting this testimony but concluded that the error was harmless because neither trial counsel nor appellate counsel argued that the government failed to prove that the offense was committed on or near the date alleged in the indictment. *Id*. at 881-85. We otherwise found no error and affirmed Farrad's conviction and sentence. *Id*. at 891. The Supreme Court denied his petition for a writ of certiorari. *Farrad v. United States*, 139 S. Ct. 651 (2018) (mem.).

[Doc. 28 pp. 1–2].

On October 31, 2019, Petitioner brought a timely motion under § 2255 alleging several claims of ineffective assistance of counsel and that his conviction was invalid based upon *Rehaif v. United States*, 588 U.S. 225 (2019) [Doc. 1]. One of Petitioner's allegations was that trial and appellate counsel were ineffective for failing to argue that the Government presented insufficient proof that he possessed the firearm on or about the date alleged in the Indictment [*Id*. at 10]. To

2

prevail on a claim of ineffective assistance of counsel, Petitioner must demonstrate both that counsel's representation was deficient and that he suffered prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). The District Judge rejected Petitioner's claim regarding the date of the offense finding Petitioner failed to demonstrate either deficiency or prejudice:

> Petitioner asserts that counsel was ineffective for failing to properly argue there was insufficient evidence to prove possession on the date alleged [Doc. 1 p. 10]. However, the proof at trial showed photos of Petitioner holding a firearm that had been posted on that date. *Farrad*, 895 F.3d at 872. Furthermore, a government witness testified that criminals often post images depicting their criminal activity at the approximate time of commission to brag about their activities. *Id*. Petitioner has not provided any evidence that the photograph was taken at a different time, nor has he explained how counsel was deficient for declining to choose a defense theory without support. Petitioner therefore fails to demonstrate both of the *Strickland* prongs, and [this claim] is rejected.

[Doc. 19 p. 8]. The District Judge denied the § 2255 motion, dismissed the case with prejudice, and denied any forthcoming request for a certificate of appealability, finding that "any appeal from this action would not be taken in good faith and would be totally frivolous" [Doc. 20 p. 1].

Petitioner appealed [Doc. 21] these rulings to the Sixth Circuit, which permitted his appeal only as to the "date theory issue" [Doc. 23 pp. 6–7, 9]. On appeal, the appellate court found that the failure to hold an evidentiary hearing on Petitioner's date theory claim was an abuse of discretion [Doc. 28 pp. 3–4]. Regarding the prejudice prong, the court observed that the Government's evidence (Officer Garrison's testimony about criminals posting images close in time to criminal activity and "the photos posted on Facebook appearing to show Farrad's tattoos and distinctive features of Farrad's apartment, including a mirror in the bathroom and a distinctive paint job on the edge of a door frame") contained "gaps" because Petitioner had lived at that

3

apartment since February 6, 2013, and the photographs were devoid of metadata showing the date they were taken [*Id.* at 3]. "Given this information, if trial counsel had focused on the 'date theory,' the government might have struggled to prove that Farrad took the photos on or near the date alleged in the indictment. And 'absent proof of the date of Farrad's possession of the firearm, the evidence would have been insufficient for the jury to find him guilty'" [*Id.* (quoting *Farrad v. United States*, No. 21-5765 (6th Cir. Mar. 29, 2022) (COA order))].

As for the deficiency prong, the Court found that Petitioner should have a chance to "overcome the presumption that his counsels' actions were sound strategy" [*Id.* (citation omitted)]. The court observed that Petitioner's trial and appellate counsel both pursued the theory that the firearms in the Facebook photographs were replicas, "[b]ut the record is sparse as to why they decided to pursue the 'replica theory' instead of the 'date theory'" [*Id.* at 4]. Thus, the Sixth Circuit remanded the case for an evidentiary hearing to give "[Petitioner] and the court an opportunity to hear why counsel decided to pursue the replica theory at trial and on appeal" [*Id.*].

The undersigned appointed counsel for Petitioner on June 3, 2024 [Doc. 33], and held an evidentiary hearing on August 20, 2024 [Doc. 36, Minutes]. *See* Fed. R. Gov. § 2255 Proc. 8(c) (requiring that the evidentiary hearing occur "as soon as practicable after giving the attorneys time to investigate and prepare"). Attorney Mark E. Brown appeared on behalf of Petitioner, who waived his appearance at the hearing [Docs. 34 & 35]. Assistant United States Attorney Luke A. McLaurin appeared on behalf of Respondent, the Government. The parties presented no witness testimony. Instead, Mr. Brown proffered that he had spoken with Petitioner's trial counsel Attorney Scott Saidak, who said that he did not remember this case and that his file from

4

Petitioner's case was destroyed in a fire. Mr. Brown stated that he would attempt to follow up with an affidavit from Mr. Saidak, but he did not know if Mr. Saidak would agree to provide one.[3]

Nevertheless, Mr. Brown said that in his opinion, the record contains sufficient information for the Court to determine that trial counsel's failure to pursue the date theory was not a strategic decision. In that regard, Mr. Brown introduced the following documentary evidence: the transcript from the June 15, 2015 pretrial conference before Judge Varlan [Exh. 1]; the transcript from the first day of trial on June 16, 2015 [Exh. 2]; the transcript from the second day of trial on June 17, 2015 [Exh. 3]; and a copy of the Sixth Circuit's opinion on direct appeal [Exh. 4].[4] The parties presented brief argument on deficiency and prejudice, and the undersigned granted Defendant's request for a more extensive presentation of the parties' positions in post-hearing briefing.

Petitioner filed a post-hearing brief on September 6, 2024 [Doc. 38]. He argues that rather than a strategic decision, trial counsel's failure to pursue the date theory and appellate counsel's disregard of the date theory on appeal amounted to negligence that resulted in Petitioner's conviction [*Id*. at 3]. He contends that trial counsel's performance was deficient because despite mentioning the date theory at the pretrial conference, trial counsel did not cross examine Officer Garrison about when the photographs were taken nor mention this issue during closing argument [*Id*. at 4–5]. Petitioner asserts that counsel's pursuit of the replica defense, rather than the date defense, does not deserve deference as a strategic decision because trial counsel conducted no pretrial investigation into the absence of metadata for the photographs or into how long Petitioner had lived in the apartment depicted in the photographs [*Id*. at 6–7]. Petitioner argues that he

---

[3] The affidavit of Mr. Saidak was not supplied. Nor did Mr. Brown ask to continue or reopen the evidentiary hearing to subpoena Mr. Saidak's testimony.

[4] These documents are already contained in the record of Petitioner's criminal case, 3:14-CR-110, but were introduced at the evidentiary hearing for ease of reference.

5

suffered prejudice because his conviction is directly attributed to counsel's failure to pursue the date theory, contending that the Sixth Circuit said as much in its opinion remanding for an evidentiary hearing [*Id*. at 7–8]. In other words, he maintains that absent Officer Garrison's improper testimony about when criminals upload photographs to social media, the Government could not have proven the date of the offense [*Id*.].

In support of his arguments, Petitioner attached his own affidavit,[5] stating under penalty of perjury, that he and trial counsel discussed the Government's lack of proof that he possessed a firearm on or about the charged date [Doc. 38-1]. Petitioner states that he told Mr. Saidak that he "did not possess the firearm charged in the indictment on or about October 13 [sic.], 2013" [*Id*. at ¶ 2].[6] He relates that he discussed with Mr. Saidak how counsel would "prove or at least cause reasonable doubt" as to the date and that Mr. Saidak "assured me by saying, 'I'll be on it'" [*Id*. at ¶ 4]. Petitioner recalls discussing the date issue with Mr. Saidak "at the last pretrial conference" and states that at that hearing, Mr. Saidak "raise[d] the question of the on or about date charged" [*Id*. at ¶ 5]. Finally, Petitioner says that counsel failed to raise the Government's lack of proof on the date as part of the defense despite these pretrial conversations and despite Petitioner's express request that he do so:

> Attorney Saidak completely ignored and completely failed to investigate and be prepared to attack the ["]on or about["] date charged as we discussed as part of my trial defense. Attorney Saidak

---

[5] Petitioner asserts that his affidavit is permitted by Rule 7 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Rule 7(b) states in pertinent part that the parties may submit affidavits to the judge evaluating a § 2255 motion. Rule 7(c) provides that the court must permit the party against whom the affidavit is submitted (here the Government) "the opportunity to admit or deny [its] correctness." The Government argues that the Court should strike Petitioner's affidavit because it is procedurally improper and cannot be tested by cross-examination [Doc. 39 pp. 7–9]. The undersigned evaluates whether Petitioner's affidavit is properly considered as evidence in this case in the analysis below.

[6] Petitioner uses the incorrect date of October 13, 2013, rather than October 11, 2013, throughout his affidavit [*See* Doc. 38-1].

6

> failed to ask one single question relating to the timing of the offense when he knew the government could not prove a date reasonably near the date charged. He did not do as I asked him in attacking the date charged when he knew the exact date of the selfies as I did tell him when the selfies were taken[,] and he still failed to attack or present any evidence such as metadata that was available if he would have investigated.

[*Id*. at ¶ 6].

The Government filed a responding post-hearing brief on September 20, 2024 [Doc. 39]. It contends that the Court should not consider Petitioner's affidavit, which is procedurally improper and prevents Petitioner's factual assertions from being tested in the crucible of cross-examination [*Id*. at 1, 7–9]. The Government also asserts that even considering Petitioner's affidavit, Petitioner fails to demonstrate that trial and appellate counsel were ineffective [*Id*. at 1]. It argues that Petitioner cannot demonstrate deficiency because he fails to show that trial or appellate counsel could have plausibly alleged the photographs were taken on a different date from that alleged in the Indictment, nor could they plausibly argue a constructive amendment or prejudicial variance [*Id*. at 9–12]. It also maintains that Petitioner has not demonstrated prejudice [*Id*. at 12–14]. The Government denies that the Sixth Circuit determined the issue of prejudice and asserts that the court, instead, only opined that it might be possible for Petitioner to demonstrate prejudice [*Id*. at 14]. Moreover, it maintains that, despite being given the opportunity to do so, Petitioner has presented no evidence that the photographs were taken on a date different from "on or about" October 11, 2013, such that an argument of prejudicial variance would have had merit [*Id*. at 13–14].

Petitioner did not file a reply and the time for doing so has expired. Accordingly, the matter is ripe for adjudication.

7

## II. SUMMARY OF EVIDENCE

Despite the Sixth Circuit's remand for an evidentiary hearing to give both Petitioner and the Court "an opportunity to hear why counsel decided to pursue the replica theory [and not the date theory] at trial and on appeal" [Doc. 28 p. 4], no new evidence was introduced for the Court's consideration. Neither party presented the testimony of trial counsel Attorney Scott Saidak[7] or appellate counsel Attorney Michael M. Losavio. Instead, Petitioner referred the Court to the transcripts of the pretrial conference and the trial, which were a part of the record prior to Defendant's direct appeal [*See* No. 3:14-CR-110, Docs. 71, 72, & 73]. The Court sets out the relevant parts of these transcripts below.

At the June 17, 2015 pretrial conference, the parties argued about the admissibility of the photographs from Petitioner's Facebook account that the Government intended to admit at trial [Exh. 1]. The photographs were uploaded over a six-day period on October 7, 11, and 12, 2013 [*Id.* at 34–35, 41]. While arguing about the prejudicial nature of other items depicted in some of the photographs, such as two uncharged firearms, a large amount of money, and a bag of marijuana, Mr. Saidak stated, "As far as the 'on or about' date, Your Honor, I think that the government may have a problem with that language in that he's being charged for when these photos were uploaded, not when they were taken" [*Id.* at 21]. Following this argument, Mr. Saidak suggested that the Court could require the Government to redact the items other than the charged alleged firearm from the photographs [*Id.* at 22].

Government's counsel responded to the "on-or-about discussion" as follows:

> That's secondary. The on-or-about language, Your Honor,
> is key here, but as case law clearly shows, when the timing of an

---

[7]     Attorney John M. Boucher, Jr., joined as co-counsel for Petitioner just before the June 15, 2015 pretrial conference [*See* Exh. 1 p. 4; No. 3:14-CR-110, Docs. 32 & 73 p. 4]. Defense counsel did not mention Attorney Boucher at the evidentiary hearing.

8

offense is not an element that needs to be proved, that on-or-about language allows the government to prove that time of the offense within a reasonable amount of time from the date charged. Here it's October the 11th, 2013.

Mr. Farrad is correct, and it will be an argument for the jury that we have charged these dates based upon the uploading dates as provided by Facebook in their records.

We did that because, Your Honor, it's common sense. When someone takes a selfie on the Internet and uploads it through an app, those photos are taken right away and uploaded right away.

The testimony's going to be, through officers, that they have never been involved in investigations. One of these officers will say that he's never been involved in an investigation where someone has taken a photograph two or three years previously and then uploaded those photographs or series of photographs one after another after another up to their Facebook.

The testimony's going to be that, in all previous experiences, they've seen people take photographs and upload them, take photographs and upload them in sequences, right away, which is the way these apps, particularly, this Facebook app is designed. You can get onto the Facebook app and take the photo through the app, and it takes the photo and uploads it immediately. Those are the kinds of things that the officers are going to talk about. I don't think that there are any problems with specificity to address that kind of argument in terms of the indictment, deficiencies in the indictment. I think that's an argument for the jury.

Mr. Saidak likely will argue they don't know when these photos were actually taken. They could have been taken a year and a half prior to this upload date. Your Honor, I think that's not a reason for exclusion.

[*Id*. at 24–26].

Mr. Saidak responded to the Government's primary argument that the money and marijuana pictured are relevant to show that Petitioner needed a real firearm to protect himself as follows:

9

I think that the government's argument that Mr. Farrad or anyone else, for that matter, would necessarily have to have a real firearm to protect anything that one has is somewhat illogical.

And I believe that – obviously, my defense is – is that, you know, these guns are not real, that they're imitations, they're fakes, they're toys, what have you.

[*Id*. at 26–27]. The parties did not address the date of the offense again during the pretrial conference.

On the first day of trial, Task Force Officer ("Officer") Thomas Garrison testified on direct examination that a picture can be uploaded to Facebook on a date different from the date on which it was taken [Exh. 2 p. 84]. Over defense counsel's objection,[8] Officer Garrison was permitted to testify that based upon his training and experience with social media investigations, individuals tend to upload photographs "instantaneous[ly]" after creating them [*Id*.]. Again, over defense counsel's objection, Officer Garrison testified that "criminals" upload photographs on Facebook soon after taking the photographs because "they like to brag about their – their activities, they're proud of it, and just like anyone, they want to let their friends know what they're doing, let their friends know, you know, where they're at, what's going on" [*Id*. at 85–86]. Over defense counsel's objection, Officer Garrison was permitted to testify that use of a social media application "makes it easier and more likely for someone to immediately upload a photograph taken with their cell phone" [*Id*. at 86–87].

On direct examination, Officer Garrison explained "metadata" as follows:

[Officer Garrison:] Metadata is basically, another way of saying data about data. In regards to photographs, specifically taken, you know, with a phone or even newer digital cameras, it attaches – this metadata is basically attached to these photographs, and within that file; it contains additional information about that photograph such as the GPS location, if that device is enabled for that, the – the time

---

[8]       Attorney Boucher made the three objections to Officer Garrison's testimony.

10

and date that the photograph was taken, in addition to the things like file size and I think even more specific things to – to the camera, such as shutter speed, and things of that nature.

[Prosecutor:] Now, do all pictures that are taken with a digital device create metadata?

[Officer Garrison:] As far as I know, yes. In reference to these digital devices.

[Prosecutor:] Now, in regards to Facebook in particular, in your training and experience, do you know what, if anything, Facebook does to metadata associated with photographs uploaded to its social media site?

[Officer Garrison:] Yes, sir.

[Prosecutor:] Explain that for us.

[Officer Garrison:] Facebook actually strips that metadata as the photograph is uploaded to Facebook. So it's – they basically take it away. It's not available once that photograph has been uploaded.

[*Id*. at 88–89].

Mr. Saidak cross-examined Officer Garrison about the possibility of uploading a photograph to Facebook on a date different from that on which the photograph was taken:

[Mr. Saidak:] And you also testified on direct examination that it's more likely, based upon your experience in investigating these kind of cases, that when someone takes a picture, that it's more likely that they would immediately upload that to whatever social media they were using; is that correct?

[Officer Garrison:] That's correct, in my experience.

[Mr. Saidak:] But you also testified that it was rare that someone might have an old picture on there and upload it, correct?

[Officer Garrison:] That would be incorrect, in my experience.

[Mr. Saidak:] But it does happen, does it not?

[Officer Garrison:]  Yes, it can.

[*Id*. at 92].

On the second day of trial the parties presented closing argument, and the District Judge instructed the jury that closing argument is not evidence [Exh. 3 pp. 7, 29].  After relating the elements of § 922(g), the prosecutor stated:

> Those are the only three elements that you have to find to find the defendant guilty.
>
> Now, before that, though, there is a somewhat side element, or tangential issue that I talked with you about at the very beginning and that's timing.
>
> Now, in the indictment, the offense is charged to have happened on or about October the 11th, 2013.  We picked that date, because that was the date the vast majority of the photos you have seen were uploaded to Facebook by the defendant.
>
> Now, as Judge Varlan will tell you, we do not have to prove to you a specific minute, second, time when that offense occurred.  And, in fact, we can't because, as Mr. Garrison told you, Facebook strips all of that data out of the photographs that it receives when people upload them.  But despite the fact we can't prove a second or a minute, we can prove to you how these photos are uploaded[.]
>
> As you heard Mr. Garrison talk about, based upon his training and experience in the hundreds of cases that he's been involved in, he knows when people are involved in criminal conduct and then they document that conduct in photos or videos, they're uploading it right away. They show off to their buddies, their friends, to brag to people, to intimidate people for all those reasons. And that makes sense, ladies and gentlemen.  As he said, that was the rule, not the exception.
>
> It makes sense because, in our everyday lives, think about our own uses of social media and Facebook and taking selfies. That's in line with what we do on a daily basis.  We take pictures. We upload them right away, especially in the context of when we're using applications on our cell phone, as the defendant did.

[*Id*. at 9–10].

During closing argument, defense counsel[9] stated:

> The chain of events. Uploaded sometime in October, October 10, October 11, onto Facebook. Within a few days, Mr. Farrad is arrested, seven days, 10 days, somewhere around there. He's searched, his person is searched, his apartment is searched. Is he arrested on the road? I don't know. The bottom line is he's searched, and I'm guessing they went to his house to try to find some guns. No evidence found.

> The government's own witness, first witness again, when they take the photos, they're going to upload them really quick. Okay. If that's the case, where are they? If they were taken in that apartment in Tennessee, where are they?

[*Id*. at 17]. Later, defense counsel noted, regarding required markings on firearms, that "it's 2015. These pictures are supposed to be taken in 2013" [*Id*. at 21].

Following closing arguments, the District Judge provided the following instruction to the jury regarding the date:

> Before explaining the elements of the charged offense[,] I want to say a word about the date mentioned in the indictment as well as about possession. The indictment charges the crime happened on or about October 11, 2013. The government does not have to prove that the crime happened on that exact date, but the government must prove that the crime happened reasonably close to that date.

[*Id*. at 33].

## III. ANALYSIS

A prisoner in custody may move the federal court that imposed the sentence to vacate, correct, or set aside the sentence, if it was the product of a constitutional violation. 28 U.S.C. § 2255(a); *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991) (observing that a claim under § 2255 is appropriate to assert that "the sentence was imposed in violation of the Constitution or

---

[9]     Attorney Boucher made the closing argument for the defense.

laws of the United States, or that the court was without jurisdiction to impose the sentence, or that it was in excess of the maximum authorized by law, or otherwise subject to collateral attack"). For the prisoner to prevail, the record must reflect a constitutional error of such magnitude that it "had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)). The burden is on the petitioner to establish the claims arising out of the petition. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006); *Mayes v. United States*, 93 F. Supp. 2d 882, 886 (E.D. Tenn. 2000).

When the alleged constitutional error is ineffective assistance of counsel, the petitioner must satisfy the familiar two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1987). *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). That is, the petitioner must: (1) establish, by identifying specific acts or omissions, that counsel's performance was deficient and that counsel did not provide "reasonably effective assistance," *Strickland*, 466 U.S. at 687, as measured by "prevailing professional norms," *Rompilla v. Beard*, 545 U.S. 374, 380 (2005); and (2) demonstrate "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. The Court may address the *Strickland* prongs of deficiency and prejudice in either order and need not address both if the petitioner fails to demonstrate one prong. *Id*. at 697.

"Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010). "No particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant." *Strickland*, 466 U.S. at 688–89. In this regard, "[t]here are countless ways to provide effective assistance in any given case[, and

14

e]ven the best criminal defense attorneys would not defend a particular client in the same way." *Id*. at 689. Thus, courts assess "the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct[.]" *Id*. at 690. Moreover, counsel's performance is entitled to deference, and the court must presume that "counsel's conduct falls within the wide range of reasonable professional assistance" and is the product of "sound trial strategy." *Id*. at 689 (quotation omitted).

Here, Petitioner contends that he received the ineffective assistance of both trial and appellate counsel because they failed to challenge the sufficiency of the Government's proof regarding the date of the offense. The undersigned examines both *Strickland* prongs after first addressing the procedural question of whether the Court may consider Petitioner's affidavit.

## A. Petitioner's Affidavit

As discussed above, the Petitioner waived his appearance and presented no new evidence at the August 20, 2024 evidentiary hearing. Instead, Petitioner submitted an affidavit attached to his post-hearing brief. The Government argues that the Court should not consider Petitioner's affidavit because it violates the rules governing § 2255 proceedings and deprives the Government of the opportunity to cross-examine him on his contentions. The undersigned agrees on both points.

"Where there is a factual dispute, the *habeas* court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999)); *see also Woolsey v. United States*, 794 F. App'x 469, 474 (6th Cir. 2019). The procedural rules governing § 2255 proceedings contemplate that after receiving the motion and response, the court "may direct the parties to expand the record by submitting additional materials relating to the [§ 2255] motion." Fed. R. Gov. § 2255 Proc. 7(a). As a part of this process,

"[a]ffidavits may also be submitted and considered as a part of the record." Fed. R. Gov. § 2255 Proc. 7(b). When materials to expand the record are requested and submitted, "[t]he judge must give the party against whom the additional materials are offered an opportunity to admit or deny their correctness." Fed. R. Gov. § 2255 Proc. 7(c). "[T]he judge must review the answer, any transcripts and records of prior proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." Fed. R. Gov. § 2255 Proc. 8(a). Thus, the procedural rules governing § 2255 proceedings contemplate that affidavits will be submitted before an evidentiary hearing.

This procedural order makes sense because the evidentiary hearing permits the court to determine the truth of the petitioner's allegations in an affidavit. *See Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013). In *Huff*, the petitioner provided, along with his § 2255 motion alleging the ineffective assistance of counsel, an affidavit containing factual allegations regarding his "dealings with appellate counsel." *Id*. The Sixth Circuit recognized that a district court may decline to hold an evidentiary hearing when a petitioner's allegations are "contradicted by the record, inherently incredible, or conclusions rather than statements of fact[.]" *Id*. (quotation omitted). But "when a defendant presents an affidavit containing 'a factual narrative of the events that is neither contradicted by the record nor "inherently incredible"' and the government offers nothing more than 'contrary representations' to contradict it, the defendant is entitled to an evidentiary hearing." *Id*. (quoting *Valentine v. United States*, 488 F.3d 325, 334 (6th Cir. 2007)). "[A petitioner's] claim may prove false at the evidentiary hearing, but it is impossible to assess its veracity based on [petitioner's affidavit] alone." *Valentine*, 488 F.3d at 334. "The purpose of the [evidentiary] hearing . . . is to allow the court to make these factual determinations based on more than a defendant's affidavit and the contrary representations of the government." *Id*.; *see also*

*Huff*, 734 F.3d at 607 (concluding the truth of petitioner's allegations are best tested in an evidentiary hearing).

Here, like in *Huff*, Petitioner's affidavit is primarily his account of his dealings with trial counsel in relation to the "date theory" [*See* Doc. 38-1].[10] Unlike in *Huff*, however, Petitioner presented his affidavit after the evidentiary hearing. The Government, thus, was deprived of the opportunity to test the allegations in the affidavit through cross-examination or presentation of other evidence. For this reason, the undersigned recommends that the District Judge not consider Petitioner's affidavit in ruling on his allegations of ineffective assistance of counsel. *Cf.* Fed. R. Gov. § 2255 Proc. 8(d) (providing that when a party does not comply with an order to provide Jencks Act materials following the testimony of a witness in an evidentiary hearing, "the court must not consider that witness's testimony").

## B. Deficiency

Petitioner contends that trial counsel's representation was deficient because he did not "present the best defense," which Petitioner contends was the date theory, despite being aware of that defense as evidenced by counsel's comments at the pretrial conference [Doc. 38 p. 4]. Petitioner argues that trial counsel did not conduct any investigation into the metadata, nor did he cross-examine Officer Garrison about the absence of metadata for the photographs uploaded to Facebook [*Id*. at 5]. He maintains that instead of pressing the Government on its admitted inability to prove when the photographs were taken, trial counsel "persisted in a theory that these guns were

---

[10]    In his affidavit, Petitioner faults trial counsel for "fail[ing] to attack or present any evidence such as metadata that was available if he would have investigated" [Doc. 38-1 p. 1]. Petitioner's suggestion that metadata was available is contradicted by the record because Officer Garrison testified that Facebook strips the metadata from the photographs when they are uploaded. Moreover, Petitioner presented no evidence at the evidentiary hearing that metadata for the photographs seized from Facebook was available from another source.

17

not real, a theory that proved to be a loser" [*Id.*].  Petitioner also asserts that the Court should not defer to counsel's reliance on the replica theory, as opposed to the date theory, as a matter of strategy because counsel did not conduct a reasonable investigation into the photograph's metadata or into the length of time that Petitioner lived at the apartment in which the photographs were taken [*Id.* at 6–7].

A petitioner "must prove his allegation that his lawyers were constitutionally ineffective by a preponderance of the evidence."  *Pough*, 442 F.3d at 964 (citing *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) ("Defendants seeking to set aside their sentences pursuant to 28 U.S.C. § 2255 have the burden of sustaining their contentions by a preponderance of the evidence.")).  Petitioner fails to carry this burden.

First, the record contradicts Petitioner's assertion that trial counsel ignored the date theory at trial after briefly mentioning it at the pretrial conference.  Trial counsel first mentioned the Government's asserted inability to prove the date on which the photographs were taken at the pretrial conference [Exh. 1 p. 21].  Government's counsel responded that although the date of the offense is not an element of a § 922(g) violation, that whether it could prove a date reasonably close to that alleged in the Indictment was a jury question, rather than a reason to exclude the photographs [*Id.* at 24–26].  At trial, defense counsel objected to Officer's Garrison's testimony on why Garrison thought the photographs were taken near in time to when they were uploaded, but this testimony was admitted over counsel's objections [Exh. 2 pp. 84–87].  Defense counsel cross-examined Officer Garrison about this testimony, getting the officer to admit that it was possible, if rare, that an individual could upload an old photograph [*Id.* at 92].  Finally, in closing argument, defense counsel challenged the Government's assertion that individuals and criminals in particular upload photographs close in time to when they are taken by emphasizing that law

enforcement did not find any guns on Petitioner's person or in his apartment at the time of his arrest within a week to ten days of when the photographs were uploaded [Exh. 3 p. 17].[11]

To be sure, the main thrust of the defense challenged the possession element by arguing the gun depicted in the photographs was not a real firearm. Petitioner, however, presents no evidence that trial counsel's focus on the replica theory was not a sound strategy. *See Strickland*, 466 U.S. at 690 (observing that "strategic choices made after thorough investigation of law and facts relevant to the plausible options are virtually unchallengeable"). The fact that the jury ultimately convicted Petitioner is not alone a sufficient basis to discount counsel's strategic choices. *See Elenniss v. United States*, No. 5:19CV0667, 2022 WL 767866, at *10 (N.D. Ohio Mar. 14, 2022) ("[T]rial counsel's unsuccessful trial strategy, now viewed with the benefit of hindsight, is not a basis to disturb Petitioner's conviction based on ineffective assistance of counsel.") (citing *Pough*, 442 F.3d at 966).

Petitioner argues that trial counsel rendered deficient performance because he failed to investigate the metadata for the photographs introduced by the Government or to investigate "what Facebook does to such metadata when photographs are uploaded to its platform" [Doc. 38 p. 7]. He also contends that counsel failed to investigate how long he had lived at the apartment depicted in the photographs and that the jury learned this information from the Government's witness [*Id*.].

---

[11]     On direct appeal, the Sixth Circuit questioned whether this "glancing reference" in closing argument "qualified as having raised the issue" of the sufficiency of the Government's proof on the date [Exh. 4 p. 15 n.7]. Generally, the district court is bound by the appellate court's decision in the same case. *Atchley v. United States*, Nos. 1:08–cv–17, 1:03–cr–168, 2011 WL 1532074, at *7 (E.D. Tenn. Apr. 21, 2011) (applying the law of the case doctrine to an ineffective assistance of counsel analysis). Here, however, trial counsel's brief mention of evidence refuting the Government's theory that photographs are uploaded quickly is susceptible to another interpretation. This brief reference tied the date theory to the overall theme of Petitioner's defense that the Government failed to produce any physical evidence to convict him [*See* Exh. 2 pp. 72–75 (opening statement by Mr. Saidak); Exh. 3 pp. 16, 22–23 (closing statement by Mr. Boucher)].

19

"Under *Strickland*, 'counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.'" *Stermer v. Warren*, 959 F.3d 704, 739 (6th Cir. 2020) (quoting *Strickland*, 466 U.S. at 691). "Simply put, '[a] lawyer who fails adequately to investigate, and to introduce into evidence, information that demonstrates his client's factual innocence, or that raises sufficient doubts as to that question to undermine confidence in the verdict, renders deficient performance.'" *Smith v. Jenkins*, 609 F. App'x 285, 292 (6th Cir. 2015) (quoting *Richey v. Bradshaw*, 498 F.3d 344, 362 (6th Cir. 2007) (internal quotation omitted)). However, "a petitioner cannot show deficient performance or prejudice resulting from a failure to investigate if the petitioner does not make some showing of what evidence counsel should have pursued and how such evidence would have been material." *Hutchison v. Bell*, 303 F.3d 720, 748–49 (6th Cir. 2002) (citing *Austin v. Bell*, 126 F.3d 843, 848 (6th Cir. 1997); *Martin v. Mitchell*, 280 F.3d 594, 608 (6th Cir. 2002)); *see, e.g., Smith*, 609 F. App'x at 291, 293 (finding trial counsel deficient when petitioner demonstrated with the affidavit of appellate counsel and the affidavit of an endocrinologist trial counsel's failure to investigate manslaughter victim's diabetes).

Here, Petitioner presents no information that trial counsel should have introduced to show that the photographs were taken on a date other than the date they were uploaded. Even if the Court were to consider Petitioner's allegation in his affidavit that he told trial counsel the date on which the photographs were taken and that metadata was available if counsel would have investigated [Doc. 38-1 ¶ 6], Petitioner does not reveal that date or the potential source of any metadata. More importantly, Petitioner has not shown that the alleged actual date the photographs were made was material because it was not reasonably close to the charged date. Additionally, the fact that the length of time Petitioner had been living in the apartment depicted in the photographs

was presented to the jury through the Government's witness does not mean that trial counsel failed to investigate how long Petitioner was living in the apartment, which is presumably information known to Petitioner.

Petitioner makes no specific allegations regarding the deficiency of appellate counsel. Thus, the Court is left only with the Sixth Circuit's report that appellate counsel did not raise the sufficiency of the government's evidence on the date of the offense in his brief and "disclaimed" the date theory when asked about it during oral argument [Exh. 4 p. 15; Doc. 23 p. 7].

A defendant has the right to effective assistance of counsel on direct appeal. *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002) (citing *Evitts v. Lucey*, 469 U.S. 387, 396 (1985)). Appellate counsel need not "raise every nonfrivolous claim on direct appeal." *Id*. (citing *Jones v. Barnes*, 463 U.S. 745, 751–53 (1983)). Instead, "the process of 'winnowing out weaker arguments on appeal' is 'the hallmark of effective appellate advocacy.'" *Id*. (citations omitted). "'Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.'" *Id*. (citing *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986)). Here, for the same reasons discussed above, Petitioner fails to demonstrate that the date theory was clearly superior to the replica theory. Specifically, Petitioner fails to present any information, much less a preponderance of proof, that trial or appellate counsel could have used to support the date theory. Therefore, Petitioner has not shown that appellate counsel was deficient for not pursuing the date theory on direct appeal.

## C. Prejudice

If a court finds that counsel's representation was deficient, it must still determine that the petitioner suffered prejudice for the representation to fall short of that required by the Sixth Amendment. *Strickland*, 466 U.S. at 691. An "error by counsel, even if professionally

unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Id*. Instead, a petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. "A reasonable probability is a probability sufficient to undermine the outcome." *Id*. Here, assuming for the sake of argument that trial and appellate counsels' failure to emphasize the date theory was not a reasonable professional choice, the undersigned finds that counsel did not render ineffective representation because Petitioner fails to demonstrate the prejudice prong of *Strickland*.

Petitioner argues that "the Sixth Circuit has all but said that [he] was prejudiced by counsel's deficient performance" in its opinions granting his appeal and remanding the case for an evidentiary hearing [Doc. 38 p. 7]. The undersigned disagrees. The appellate court said Petitioner could "*arguably* establish prejudice because, absent proof of the date of [Petitioner's] possession of the firearm, the evidence would have been insufficient for the jury to find him guilty beyond a reasonable doubt" [Doc. 23 p. 7 (emphasis added); Doc. 28 p. 3 ("[A]s to prejudice, the record does not conclusively show that Farrad is not entitled to relief.")]. On direct appeal, the Sixth Circuit opined that Officer Garrison erroneously testified about criminals' use of social media but found this erroneous testimony to be harmless because neither trial nor appellate counsel "argue[d] the date theory" [Exh. 4 p. 32]. Nevertheless, the appellate court "express[ed] no ultimate opinion" on a future post-conviction claim of ineffective assistance of counsel by Petitioner [*Id*.].

Petitioner also asserts that he would not have been convicted if counsel had raised the date theory [Doc. 38 p. 8]. He argues that "[o]n direct appeal, the Sixth Circuit found that admitting the testimony of [Officer] Garrison was an abuse of discretion, but it was harmless error due to counsel's failure to raise the 'date theory' at trial and appellate counsel's outright dismissal of the same at oral argument" [*Id*.]. He suggests that if counsel had raised the date theory and Officer

22

22

22

22

22

22

Garrison's improper testimony on the social media habits of criminals was excluded, the evidence would have been insufficient for the jury to find him guilty beyond a reasonable doubt [*See id.* at 7–8]. Thus, according to Petitioner, he was prejudiced by counsels' failure to pursue the date theory because had they done so, he would not have been convicted [*Id.*].

On direct appeal, our appellate court observed:

> "To obtain a conviction pursuant to § 922(g)(1), the government must prove beyond a reasonable doubt: (1) that the defendant has a prior conviction for a crime punishable by imprisonment for a term exceeding one year; (2) that the defendant thereafter knowingly possessed the firearm and ammunition specified in the indictment; and (3) that the possession was in or affecting interstate commerce." *United States v. Schreane*, 331 F.3d 548, 560 (6th Cir. 2003) (quoting *United States v. Daniel*, 134 F.3d 1259, 1263 (6th Cir. 1998)). In addition, "[w]hen 'on or about' language is used in an indictment, proof of the exact date of an offense is not required as long as a date reasonably near that named in the indictment is established." *United States v. Ford*, 872 F.2d 1231, 1236 (6th Cir. 1989); *see also United States v. Harris*, 293 F.3d 970, 975 (6th Cir. 2002) ("Under 18 U.S.C. § 922(g), the government must prove beyond a reasonable doubt that (1) the defendant had a previous felony conviction and (2) on or about the night in question, the defendant possessed a firearm."). "Under § 922(g), either actual or constructive possession is sufficient." *Harris*, 293 F.3d at 975.

*Farrad*, 895 F.3d at 871.

The appellate court found that the Government's evidence that Petitioner possessed a firearm "on or about" October 11, 2013, consisted of evidence that the Facebook photographs were uploaded on that day (and one on October 7, 2013) and Officer Garrison's "testimony that, in his training and experience, 'criminals specifically . . . like to brag about their . . . activities,' and thus tend to upload inculpatory materials near in time to commission of criminal acts[.]" *Id.* at 872. It also observed that the jury heard competing evidence that photographs can be uploaded to Facebook at any time after they are taken; that Facebook strips away the metadata, including the date the photos were taken, during the uploading process; and that although the backdrop of the

23

photographs matched Petitioner's apartment, he had lived there for eight months prior to October 11, 2013 [*Id*.].

Although the Sixth Circuit held that Officer Garrison's testimony on the social media habits of criminals was erroneously admitted, it deemed this error harmless because counsel did not advocate the date theory. *Id*. at 884–85. It reasoned that "the prosecution was required to prove beyond a reasonable doubt that Farrad possessed a gun 'on or about' October 11, 2013—the date that most of the photos were uploaded." *Id*. at 885. "In the absence of metadata or any other evidence tying the charge against Farrad to that date, . . . , Garrison's testimony was potentially necessary, . . . , and indeed the Government's only fallback to it was a speculative (and, by nature, nonevidentiary) statement at closing argument that immediate uploading was 'in line with what we do on a daily basis,' . . . ." *Id*. (citations to the trial record omitted). But the Sixth Circuit could not conclude that Officer Garrison's improperly admitted testimony "materially affected the verdict" because defense counsel did not argue the sufficiency of the evidence of the date. *Id*. Based upon this analysis, the undersigned now examines whether, in the absence of Officer Garrison's testimony about when criminals upload photographs of their criminal activity, the evidence was sufficient to show Petitioner possessed a firearm on or about October 11, 2023.[12]

The Government takes issue with the Sixth Circuit's conclusion that failure to prove the date of the offense beyond a reasonable doubt renders the evidence insufficient because the date is not an element of § 922(g)(1) [Doc. 39 pp. 10–14]. It argues, instead, that defense counsel could only have challenged the date by arguing the Government's proof created a constructive

---

[12] The Sixth Circuit did not find that evidence of the date of possession was insufficient once Officer Garrison's testimony was discounted. Instead, in its opinion remanding the case, the court said that the Government may have "struggled to prove" that Petitioner took the photographs on or about the date in the Indictment if trial counsel focused on the date theory [Doc. 29 p. 3].

24

amendment of the Indictment or a prejudicial variance in the proof [*Id*. at 11]. According to the Government, because the only proof at trial was that the photographs were uploaded on or about October 11, 2013, and because it presented no proof of possession on a competing date, no constructive amendment or prejudicial variance occurred [*Id*. at 13]. Thus, it avers that trial and appellate counsel cannot be faulted for failing to raise a meritless claim, and Petitioner suffered no prejudice [*Id*.].

While the Government is correct that the date is not a separate element of a § 922(g)(1) offense, proving the date is part of proving that the defendant possessed the firearm. *See Harris*, 293 F.3d at 975. "Under 18 U.S.C. § 922(g), the government must prove beyond a reasonable doubt that (1) the defendant had a previous felony conviction and (2) on or about the night in question, the defendant possessed a firearm." *Id*.; *see also United States v. Henderson*, 129 F. App'x 949, 951 (6th Cir. 2005) ("[T]he elements of the offense of felon in possession of a firearm are that the defendant: (1) possessed a firearm, (2) on or about the date alleged in the indictment, (3) having previously been convicted of a felony.") (citing *Harris*, 293 F. 3d at 975). Thus, the District Judge properly instructed the jury that "[while] the government does not have to prove that the crime happened on that exact date [(October 11, 2013), it] must prove that the crime happened reasonably close to that date" [Exh. 3 p. 33]. Either actual or constructive possession of a firearm can support a conviction under § 922(g). *Schreane*, 331 F.3d at 560 (citing *United States v. Murphy*, 107 F.3d 1199, 1207 (6th Cir. 1997)). "'Both actual and constructive evidence may be proved by circumstantial evidence.'" *Id*. (quoting *Murphy*, 107 F.3d at 1208 (citation omitted)).

"A defendant claiming 'insufficiency of the evidence bears a very heavy burden.'" *United States v. Fisher*, 824 F. App'x 347, 356 (6th Cir. 2020) (quoting *United States v. Abboud*, 438 F.3d 554, 589 (6th Cir. 2006) (internal quotation omitted)). This is because the court views the evidence

25

in the light most favorable to the government and asks whether "'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id.* at 355 (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Reversal of a conviction for insufficient evidence occurs "only if [the] judgment is not supported by substantial and competent evidence upon the record as a whole," without regard to "whether the evidence is direct or wholly circumstantial." *United States v. Stone*, 748 F.2d 361, 363 (6th Cir. 1984).

Here, even in the absence of Officer Garrison's testimony about when criminals upload photographs, the Government presented circumstantial evidence[13] that would permit the jury to find the possession occurred reasonably near to October 11, 2013: All of the photographs were uploaded to Facebook on October 7 or 11, 2013 [Exh. 2 pp. 83, 99–100, 102–04]; Officer Garrison testified that Facebook has an application that makes it easy to upload a photograph from a smartphone immediately [*Id.* at 86–87]; Task Force Officer Matt Gryder testified that in the photographs, Petitioner is holding and taking the photographs with a smartphone [*Id.* at 98–100]; and the Petitioner was wearing the same light-colored t-shirt with a distinctive slogan in all of the photographs in which his clothing appears [*Id.* at 100–04], indicating that the photographs were taken close in time to each other. Although the jury heard that Petitioner had lived in the apartment depicted in the background of the photographs for eight months prior to October 11, 2013 [*See id.* at 119–20], it heard no evidence associating the photographs with some other date not near in time to October 11, 2013. Viewing this evidence in the light most favorable to the prosecution, a

---

[13]     In its Order granting Petitioner's certificate of appealability, the Sixth Circuit concluded that "[a]bsent Officer Garrison's testimony ['that criminals "tend to upload inculpatory materials near in time to commission of criminal acts[,]"'], the government had no other evidence tying the charge against Farrad to [the October , 2013, date specified in the indictment]" [Doc. 23 p. 7 (quoting Farrad, 895 F.3d at 885) (second alteration in original)]. Here, the undersigned examines the *circumstantial evidence* remaining in the record if Officer Garrison's testimony is set aside.

rational jury could have found beyond a reasonable doubt that the possession of the firearm occurred reasonably near October 11, 2013.[14]

Importantly, Petitioner fails to show that defense counsel had evidence regarding the date the photographs were taken that was not presented or a basis to challenge the above listed evidence. In the absence of such evidence or argument, the undersigned ought not second guess trial and appellate counsel's emphasis of the replica strategy rather than the date strategy. *See Strickland*, 466 U.S. at 689 (observing that "[j]udicial scrutiny" of counsel's actions "must be highly deferential" and that the petitioner "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy"). Accordingly, the undersigned finds that Petitioner fails to demonstrate prejudice, in that he has not shown a reasonable

---

[14]     If the undersigned applies the "prejudicial variance" analysis advocated by the Government [Doc. 39 pp. 11–13], the result is the same. A prejudicial variance occurs when "the evidence offered at trial proves facts materially different from those alleged in the indictment." *United States v. Ford*, 872 F.2d 1231, 1235 (6th Cir. 1989) (internal quotation removed). To establish a prejudicial variance, a defendant must show (1) the proof at trial varied from a charged fact and (2) the variance impacts a substantial right, thus prejudicing defendant's ability to present a defense or affecting "the overall fairness of the trial." *United States v. Manning*, 142 F. App'x 336, 339 (6th Cir. 1998). Although the Government presented evidence that Petitioner lived at the apartment depicted in the background of the Facebook photographs for eight months prior to the dates the photographs were uploaded, it did not present evidence that Petitioner possessed a firearm on any date other than October 7 and 11, 2013, when the photographs were uploaded. In contrast, in *United States v. Ford*, the government presented evidence that the defendant possessed a firearm on three dates, including the date alleged in the indictment, and the other dates, which were eleven months and nearly two months from the charged date, were not reasonably near the charged date. *Id*. at 1236–37. Moreover, in *Ford*, the trial judge provided a supplemental instruction that the jury could consider any date during the eleven-month period because defendant was a convicted felon during that time. *Id*. (observing that when the combination of evidence and jury instructions "in effect" alters the charge, it amounts to a "constructive amendment"). No such instruction occurred in Petitioner's case. Finally, as argued by the Government, the proof at trial did not prevent Petitioner "from presenting an alibi defense, contesting that he was the individual depicted in the photos, or challenging whether the photos depicted an actual firearm" [Doc. 39 p. 12]. Accordingly, the undersigned finds no basis for trial or appellate counsel to have argued that a prejudicial variance between the charged date and the Government's proof occurred here.

probability that but for counsel's failure to argue that the evidence of the date was insufficient, the result of the trial would have been different.

## IV.     CONCLUSION

For the reasons expressed herein, the Court **RECOMMENDS** that the remaining claim in Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Doc. 1] that both trial and appellate counsel provided the ineffective assistance of counsel by failing to challenge the sufficiency of the Government's evidence on the date of the offense be **DENIED**.[15]

Respectfully submitted,

Debra C. Poplin
United States Magistrate Judge

---

[15]     The parties may file objections to this Report and Recommendation within fourteen days. Fed. R. Gov. § 2255 Proc. 8(b); *see also* E.D. Tenn. L.R. 9.3(b) ("Every petition for habeas corpus relief by a federal prisoner must comply with the Rules Governing Section 2255 Proceedings in The United States District Courts.").

28