UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| MALIK FIRST BORN ALLAH FARRAD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.: 3:19-CV-434-TAV-DCP |
| | ) | 3:14-CR-110-TAV-DCP |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

# MEMORANDUM OPINION

This criminal matter is before the Court for consideration of the Report and Recommendation ("R&R") entered by United States Magistrate Judge Debra C. Poplin on February 10, 2025 [Doc. 41].[1] In the R&R, Judge Poplin recommends that the Court deny defendant's remaining claim in his motion to vacate, set aside, or correct judgment, pursuant to 28 U.S.C. § 2255. Defendant has filed objections to the R&R [Doc. 42], the government has repsonded [Doc. 43], and the matter is now ripe for the Court's review. *See* E.D. Tenn. L.R. 7.1(a). For the reasons that follow, the Court will **OVERRULE** defendant's objections [Doc. 42], **ACCEPT** and **ADOPT** the R&R [Doc. 41] in part, and **DENY** defendant's remaining claim in his § 2255 motion [Doc. 1].

**I.  Background**

The Court adopts the factual background and summary of the evidence set forth in the R&R [Doc. 41, pp. 2–13], to which no party has objected.

---

[1] Unless otherwise specified, all citations herein refer to the civil case docket, Case No. 3:19-cv-434.

## II. Standard of Review

The Court reviews *de novo* those portions of the R&R to which the defendant has objected. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b); Rules Governing § 2255 Cases, 8(b). Accordingly, the Court considers the R&R, the § 2255 motion and accompanying briefing, defendant's objections, and the government's response to those objections, all in light of the applicable law.

Claims of ineffective assistance of counsel are cognizable under § 2255. *Massaro v. United States*, 538 U.S. 500, 508–09 (2003). A petitioner alleging ineffective assistance of counsel must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1987). First, he must identify specific acts or omissions to prove that counsel's performance was deficient and that counsel did not provide "reasonably effective assistance," *Strickland*, 466 U.S. at 687, as measured by "prevailing professional norms." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Counsel is presumed to have provided effective assistance, and petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616–17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689 (providing that a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance").

Second, a petitioner must also establish "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no

2

Case 3:19-cv-00434-TAV-DCP   Document 44   Filed 11/17/25   Page 2 of 11   PageID #: 239

effect on the judgment." *Id*. at 691. Because a petitioner "must satisfy *both* prongs of *Strickland* to obtain relief on an ineffectiveness claim, the inability to prove either one of the prongs—regardless of which one—relieves the reviewing court of any duty to consider the other." *Nichols v. United States*, 563 F.3d 240, 249 (6th Cir. 2009) (en banc); *accord Strickland*, 466 U.S. at 697.

**III. Analysis**

**A.     Petitioner's Affidavit**

In the R&R, Judge Poplin recommended that the Court not consider petitioner's affidavit, which he submitted after the August 20, 2024, evidentiary hearing [Doc. 41, pp. 15–17]. Judge Poplin noted that the Rules Governing § 2255 Proceedings contemplate that affidavits will be submitted before an evidentiary hearing [*Id.* at 16]. Judge Poplin concluded that, because petitioner filed his affidavit after the evidentiary hearing, the government was deprived of the opportunity to test the allegations in the affidavit through cross-examination or presentation of other evidence [*Id.* at 17].

Petitioner objects to Judge Poplin's recommendation that the Court not consider his post-hearing affidavit [Doc. 42, p. 3]. Petitioner concedes that the Rules Governing § 2255 Motions provides for affidavits prior to the evidentiary hearing and that his affidavit was filed after the hearing [*Id.*]. However, he contends that the government had the opportunity to present evidence at the evidentiary hearing and chose not to do so [*Id.*]. Moreover, petitioner's statements were hardly a surprise as they essentially tracked the allegations in the § 2255 motion [*Id.*].

3

The government responds that, once the evidentiary hearing is conducted, the Rules Governing § 2255 Proceedings do not allow a petitioner to supplement the record with new affidavits [Doc. 43, p. 1]. The government contends that the fact that it did not introduce evidence at the evidentiary hearing is irrelevant, as it has no burden of proof in a § 2255 proceeding [*Id.* at 2]. The government argues that its decision not to present evidence at the evidentiary hearing was due to the fact that petitioner presented no evidence for the government to rebut, and petitioner cannot use that decision as justification to present evince that he could have, but did not, present at the hearing [*Id.*].

As Judge Poplin correctly noted [Doc. 41, pp. 15–16], Rule 7 of the Rules Governing § 2255 Proceedings permits expansion of the record, including through affidavits. Rules Governing Section 2255 Proceedings 7. But that Rule requires the Court to "give the party against whom the additional materials are offered an opportunity admit or deny their correctness." *Id.*, Rule 7(c). Rule 8 then provides that the Court "must review the answer, any transcripts and records of prior proceedings, *and any materials submitted under Rule 7* to determine whether an evidentiary hearing is warranted." *Id.*, Rule 8(a) (emphasis added). Upon a *de novo* review of the matter, the Court is in complete agreement that petitioner's affidavit, which he concedes was filed after the evidentiary hearing [*see* Doc. 42, p. 3], is not properly before the Court, and therefore, should not be considered.

The organization of the Rules Governing § 2255 Cases further supports this conclusion. As with most sets of federal rules, *see, e.g.* Fed. R. Crim. P; Fed. R. Civ. P.,

4

the Rules Governing Section 2255 Proceedings appears to be organized chronologically by stages of the § 2255 proceeding. That is, Rules 2 and 3 involve the filing of a petition under § 2255, Rule 4 involves the Court's preliminary review of the petition before ordering responsive briefing, Rule 5 involves the filing of a response and a reply, and Rule 6 involves discovery. *See* Rules Governing Section 2255 Proceedings 2, 3, 4, 5, 6. It follows, therefore, that the supplementation of the record permitted under Rule 7 is intended to occur before the evidentiary hearing provided for in Rule 8. And nothing in the Rules Governing Section 2255 Proceedings appears to permit post-evidentiary-hearing filings, although, of course, it was well within the magistrate judge's discretion to order post-hearing briefing on specific matters. *See Franke v. Norfolk S. Ry. Co.*, No. 21-3848, 2023 WL 3413919, at *3 (6th Cir. May 12, 2023) (affirming the district court's denial of supplemental briefing as an exercise of "the broad discretion district courts possess in managing their dockets").

Moreover, petitioner's assertion that the government was aware of the allegations his affidavit ultimately contained, because they mirrored those raised in his § 2255 petition, but nonetheless elected not to present any evidence at the evidentiary hearing is unavailing. The government explains that it elected not to present any evidence at the hearing because petitioner presented no evidence to be rebutted [Doc. 43, p. 2]. As the government points out [*see id.*], it is the petitioner, not the government, who bears the burden of proof in a § 2255 proceeding. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) ("Defendants seeking to set aside their sentences pursuant to 28 U.S.C. § 2255

5

have the burden of sustaining their contentions by a preponderance of the evidence."). Thus, just as defendant was not required to present any evidence to prove his innocence at the trial stage, *see* Sixth Cir. Pattern Jury Instructions, 1.03(3) (as deemed "correct" by *United States v. Hynes*, 467 F.3d 951, 957 (6th Cir. 2006)), at this stage, when the burden of proof has shifted to petitioner, *see Packett v. United States*, 738 F. App'x 348, 352 (6th Cir. 2018) ("[T]he burden of proof shifts to the petitioner when he seeks to re-open his conviction through a § 2255 motion."), the government was not required to present any evidence to prove that petitioner's counsel was not ineffective.

Accordingly, the Court finds that petitioner's affidavit, submitted after the evidentiary hearing was conducted, was improper, and permitting such would thwart the adversarial process by preventing the government from meaningfully challenging petitioner's testimony through cross-examination. The Court therefore agrees with Judge Poplin's recommendation that petitioner's affidavit not be considered, and the Court will not consider the late-filed affidavit. Petitioner's objection to this conclusion is **OVERRULED**.

### B. *Strickland* Deficiency

Turning to the *Strickland* deficiency prong, Judge Poplin noted that the record contradicts petitioner's assertion that his trial counsel ignored the date theory after mentioning it at the final pretrial conference [Doc. 41, p. 18]. Specifically, at trial, counsel objected to Officer Garrison's testimony regarding why he believed the photographs were taken near in time to when they were uploaded and cross-examined
6

Officer Garrison about this testimony [*Id.*]. Additionally, in closing argument, defense counsel challenged the government's assertion that individuals upload photographs close in time to when they are taken [*Id.* at 18–19]. Judge Poplin acknowledges that the main thrust of the defense was to challenge the possession element by arguing that the gun in the photographs was not a real firearm but concluded that petitioner presented no evidence that trial counsel's focus on this replica theory was not sound strategy [*Id.* at 19].

As to petitioner's arguments that trial counsel was deficient in failing to investigate the metadata for the photographs or how long he had lived in the apartment depicted in the photographs, Judge Poplin stated that petitioner presented no information that trial counsel should have introduced to show that the photographs were taken on a date other than the date they were uploaded [*Id.* at 19–20]. Petitioner does not reveal the date or the potential source of any metadata and has not shown that the alleged actual date the photographs were made was material because it was not reasonably close to the charged date [*Id.* at 20]. Moreover, the fact that the length of time petitioner had been living in the apartment was introduced through a government witness does not mean that petitioner's counsel failed to investigate this fact [*Id.* at 20–21].

Petitioner objects to Judge Poplin's conclusion that his counsel was not deficient [Doc. 42, p. 4]. Petitioner contends that the fact that metadata is scrubbed by Facebook when a picture is uploaded to its platform "means it is not possible to tell when the

7

photographs were uploaded" [*Id.* at 4–5].[2]  Petitioner states "[t]hat opens the 'date theory' as the most viable theory to pursue at trial and the face is that counsel while knowing about it and even mentioning it at the final pre-trial conference simply ignored it.  That is deficient representation" [*Id.* at 5].

"[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation."  *Strickland*, 466 U.S. at 690–91.  Defense counsel is "entitled to formulate a strategy that [is] reasonable at the time and to balance limited resources in accord with effective trial tactics and strategies."  *Miles v. Floyd*, No. 24-1096, 2025 WL 902800, at *4 (6th Cir. Mar. 25, 2025) (internal quotation marks omitted).  "The decision which of . . . two defenses to present at trial, or the option of presenting both in the alternative, [is] a strategic question of the kind Strickland cautions a reviewing court against second-guessing."  *Curtis v. Christiansen*, No. 4:23-cv-1131, 2024 WL 4194793, at *4 (E.D. Mich. Sept. 12, 2024); *see also Maxwell v. Shoop*, No. 1:21-cv-318, 2025 WL 886198, at *25 (N.D. Ohio Mar. 21, 2025) ("Trial counsel's decision as to which theory or theories to advance at trial is a strategic choice that is given a high level of deference").

Petitioner's argument in his objections boils down to this: because the metadata is stripped by Facebook, and therefore not available, the best defense theory was the date

---

[2] Presumptively, petitioner means it is not possible to tell when the photograph was taken, rather than when the photograph was uploaded.

theory, and defense counsel knew of this theory but chose to ignore it [Doc. 42, pp. 4–5]. But defendant bears the burden of establishing that counsel's performance, in emphasizing the replica theory rather than the date theory at trial, was constitutionally deficient performance. *See Noah v. United States*, Nos. 3:23-cv-327, 3:19-cr-185, 2025 WL 410076, at *2 (E.D. Tenn. Feb. 5, 2025) ("Counsel is presumed to have provided effective assistance, and petitioner bears the burden of showing otherwise."). Indeed, in remanding for an evidentiary hearing on this issue, the Sixth Circuit noted that "the record is sparse as to why [counsel] decided to pursue the 'replica theory' instead of the 'date theory,'" and concluded that "[a]n evidentiary hearing will give [Petitioner] and the court an opportunity to hear why counsel decided to pursue the replica theory at trial and on appeal [Doc. 28, p. 4].

Despite the Sixth Circuit's remand for an evidentiary hearing to permit Petitioner to present such evidence [*Id*.], and despite the appointment of counsel to assist Petitioner in that hearing [Doc. 33], Petitioner presented no evidence at all at the evidentiary hearing, but rather, presented only the argument of his post-conviction counsel [*See* Doc. 36]. Thus, the Court is still left with the "sparse" record regarding the rationale behind defense counsel's choice to proceed primarily with the replica theory of defense, as opposed to the date theory. On such a record, the Court is in full agreement with Judge Poplin that Petitioner has not met his burden of establishing that his counsel performed deficiently. Petitioner's bald assertion that the date theory was "the most viable theory to

9

pursue at trial" [Doc. 42, p. 5] is not sufficient to meet his burden of establishing deficient performance in the strategic selection of a defense strategy.

### B. *Strickland* Prejudice

As noted *supra*, because a petitioner "must satisfy *both* prongs of *Strickland* to obtain relief on an ineffectiveness claim, the inability to prove either one of the prongs—regardless of which one—relieves the reviewing court of any duty to consider the other." *Nichols*, 563 F.3d at 249. Because the Court concludes that Petitioner has not met his burden of establishing that counsel's performance was constitutionally deficient, the Court finds it unnecessary to address whether Petitioner was prejudiced by the alleged deficient performance. Accordingly, the Court declines to adopt the portion of the R&R addressing the *Strickland* prejudice prong.

## IV. Conclusion

Upon a careful and *de novo* review of the record and the law, the Court finds that the recommendations contained in the R&R are correct. Thus, defendant's objections [Doc. 42] are **OVERRULED**. The Court **ACCEPTS** and **ADOPTS** the R&R [Doc. 41] in part.[3] The remaining claim in Petitioner's § 2255 motion [Doc. 1] is **DENIED** and this civil action is **DISMISSED**.

The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Petitioner having

---

[3] As explained *supra*, the Court declines to adopt the portion of the R&R addressing the *Strickland* prejudice prong [Doc. 41, pp. 21–28], because the Court concludes that it need not reach that prong of the analysis.

failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE.** 28 U.S.C. § 2253; Fed. R. App. P. 22(b). A separate judgment will enter.

ENTER:

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE